UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNIVERSITY OF MASSACHUSETTS,
University of Massachusetts Amherst
Goodell Building, Room 512
Amherst, MA 01003-3290
and

ADVANCED CELL TECHNOLOGY, INC.,
One Innovation Drive
Worcester, MA 01605

                    Plaintiffs,

v.

ROSLIN INSTITUTE (EDINBURGH),
Roslin BioCentre
Midlothian EH25 9PS
Scotland UK,

GERON CORPORATION,
230 Constitution Drive
Menlo Park, CA 94025,
and

EXETER LIFE SCIENCES, INC.,
4455 Camelback Road, Phoenix,
AZ 85018

                    Defendants.

CIVIL ACTION
Docket No:

## COMPLAINT UNDER 35 U.S.C. § 146

Plaintiffs University of Massachusetts and Advanced Cell Technology, Inc. (collectively, "Advanced Cell") bring this action against defendants Roslin Institute (Edinburgh), Geron Corporation and Exeter Life Sciences, Inc. (collectively, "Geron"), pursuant to 35 U.S.C. § 146, to reverse a decision by the Board of Patent Appeals and Interferences regarding a patent on a method of producing embryonic stem cells by nuclear transfer.

{W0336277.2}

## The Parties

1.  Plaintiff University of Massachusetts is a public institution of higher education of the Commonwealth of Massachusetts, with a campus in Amherst, Massachusetts.

2.  Plaintiff Advanced Cell Technology, Inc. is a Delaware corporation with its principal place of business in Worcester, Massachusetts.

3.  Defendant Roslin Institute (Edinburgh) is a company incorporated in Scotland with its principal place of business in Midlothian, Scotland, Great Britain.

4.  Defendant Geron Corporation is a Delaware corporation with its principal place of business in Menlo Park, California.

5.  Defendant Exeter Life Sciences, Inc. is an Arizona corporation with its principal place of business in Phoenix, Arizona.

## Jurisdiction and Venue

6.  This court has jurisdiction over this action under 28 U.S.C. § 1338(a) and 35 U.S.C. § 146.

7.  Venue is proper in this district under 28 U.S.C. § 1391(b) and 35 U.S.C. § 146.

## Procedural Background

8.  This action arises from decisions by the U.S. Patent and Trademark Office Board of Patent Appeals and Interferences ("the Board") in Interference No. 105,192 ("the '192 Interference").

9.  The '192 Interference concerned U.S. Patent No. 6,235,970, issued on May 22, 2001 to Steven Stice et al. based on an application filed on January 10, 1997 ("the Stice patent"); an application to reissue the Stice patent; and a patent application said to be by Keith Campbell et al. filed on November 21, 2001, purporting to claim priority back to an application filed in Great Britain on August 31, 1995 ("the Campbell application").

10. Plaintiff University of Massachusetts is the assignee of the Stice patent and reissue application. The University licensed the Stice patent and reissue application exclusively to plaintiff Advanced Cell Technology, Inc.

11. Defendant Roslin Institute (Edinburgh) is the assignee of the Campbell application. Roslin has licensed the Campbell application to defendants Geron Corporation and Exeter Life Sciences, Inc.

12. On February 11, 2005, the Board entered judgment against Stice et al. and in favor of Campbell et al. in the '192 Interference.

13. The parties hereto are identified by the Board as the real parties-in-interest in its decision of February 11, 2005.

14. As is commonplace in such administrative proceedings, no discovery was conducted in the course of the '192 Interference. Consequently, the evidence that was presented to the Board was incomplete and/or misleading.

**Plaintiffs' Dissatisfaction with the Decisions by the Board**

15. Advanced Cell is dissatisfied with the decision by the Board on the preliminary motions, dated February 11, 2005 and with its judgment of the same date in the following respects:

   a. the Board erroneously found that the claims of the Stice patent and the reissue patent application are not patentable for lack of written description;

   b. the Board erroneously found that the Campbell application described culturing of inner cell mass cells;

   c. the Board erroneously gave the Campbell application the benefit of the filing date of the British application when that application did not satisfy the requirements of § 112, ¶ 1, including a written description of subject matter

  within the scope of the interference count and an enabling disclosure within the scope of the interference count;

 d. the Board should have found the claims in the Campbell application unpatentable because it omits essential elements, and thereby fail to correspond with any subject matter that Campbell either conceived or reduced to practice and fail to comply with § 112, ¶ 1;

 e. the Board incorrectly ruled that the Stice claims were unpatentable for failing to satisfy the written description requirement of § 112, ¶ 1; and

 f. the Board improperly dismissed certain preliminary motions as moot.

16. Plaintiffs have been harmed by the Board's decisions, which were erroneous both in fact and in law.

### Prayer for Relief

Plaintiffs pray for a judgment reversing the Board's decisions and decreeing:

 a. that the Campbell application is not entitled to the August 31, 1995 priority date;

 b. that the claims in the Campbell application are unpatentable or invalid;

 c. that the claims in the Stice patent and reissue application are not invalid;

 d. that the matter be remanded to the Board for a ruling on motions previously dismissed as moot; and

 e. that plaintiffs receive such other and further relief as the Court may deem just.

Respectfully submitted,

_____
Charles L. Gholz (Bar No. 58,396)
OBLON, SPIVAK, McCLELLAND, MAIER
    & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia 22314
Tel:   (703) 412-6485

*Of Counsel:*
Robert H. Stier, Jr.
PIERCE ATWOOD
One Monument Square
Portland, Maine 04101
Tel:   (207) 791-1100

*Attorneys for plaintiffs*